# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK WHEATEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLETON, et al.,<br><br>　　　　　Defendants. | **Case No. 1:18-cv-00885-JLT (PC)**<br><br>**ORDER TO PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH THE FEDERAL TORT CLAIMS ACT**<br><br>**(Doc. 1)**<br><br>**21-DAY DEADLINE** |

The Federal Tort Claims Act provides federal tort liability based on actions of officers or employees of any federal agency. 28 U.S.C. § 2671, *et seq*. Exhaustion of administrative remedies is a required element of a claim under the FTCA. *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) (timely filing of an administrative claim "should be affirmatively alleged in the complaint" for an action under the FTCA). This is a jurisdictional prerequisite to pursuing a tort claim against federal employees in a district court. *See Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000), cert. denied, 531 U.S. 1037 (2000) (stating that a claimant under the FTCA must comply with 28 U.S.C. § 2675(a) before a district court can exert jurisdiction over the claim). "Because the requirement is jurisdictional, it 'must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.' " *Brady*, 211 F.3d at 502, quoting *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir.1992).

1

Exhaustion under the Prison Litigation Reform Act does not satisfy the requirement to exhaust under the FTCA. *Compare* 28 C.F.R. §§ 542.13-15 (Bureau of Prisons administrative grievance procedures) *with* 28 C.F.R. §§ 543.30-32 (administrative exhaustion procedures for the FTCA within the Bureau of Prisons).

Plaintiff fails to state any allegations showing that he filed an administrative tort claim on the facts alleged in this action. Though Plaintiff attached exhibits showing his efforts to exhaust the BOP administrative grievance procedures, he failed to submit any evidence of exhaustion for purposes of the FTCA. Further, even Plaintiff's exhibits which pertain to the BOP administrative grievance procedures do not show that Plaintiff appealed the Regional Director's response to the Office of the General Counsel as instructed in the former's response. (*See* Doc. 1, pp. 45-64.)

The Court is unable to discern whether Plaintiff complied with the FTCA to establish jurisdiction in this action. Plaintiff must explain the discrepancies described herein and show the basis upon which he asserts compliance with the FTCA to be allowed to proceed in this action.

Accordingly, Plaintiff is ORDERED to show cause **within 21 days** from the date of service of this order why this action should not be dismissed because of his failure to comply with the Federal Tort Claims Act prior to filing suit. **Plaintiff is warned that failure to timely respond to this order will result in dismissal of this action for Plaintiff's failure to obey a court order.**

IT IS SO ORDERED.

   Dated: __July 16, 2018__             __/s/ Jennifer L. Thurston__
                                                                   UNITED STATES MAGISTRATE JUDGE