# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK WHEATEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KNOLL, et al.,<br><br>　　　　　Defendants. | Case No. 1:18-cv-00885-AWI-JLT (PC)<br><br>**ORDER ON PLAINTIFF'S MOTION FOR DISCOVERY AND FOR CONTINUANCE OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(Docs. 35, 42)<br><br>December 15, 2019 Deadline |

Plaintiff proceeds in this action on claims under the Eighth Amendment against Defendants for deliberate indifference to his serious medical needs when, allegedly despite the existence of medical orders, Plaintiff was not allowed to have a lower bunk. Defendants filed a motion for summary judgment on the merits of Plaintiff's claims and on the basis that Plaintiff's allegations fail to state a claim which he may pursue under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 35.) Though Plaintiff has filed an opposition, (Doc. 39), he recently filed a motion to postpone consideration of Defendants' motion for summary judgment to be allowed to conduct discovery per Rule 56(d) of the Federal Rules of Civil Procedure. (Doc. 42.) Discovery has yet to be opened.

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for

specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); *Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006).

Plaintiff requests to be allowed to conduct discovery as to whose responsibility it is to make an entry in SENTRY when an inmate is assigned a Medical Duty Status (MDS). Plaintiff also desires to identify the procedure correctional counselors are to follow if an inmate shows them a valid MDS indicating that he requires a lower bunk as well as the policies and/or procedures that apply to the Medical Department when an inmate is given an MDS accommodation chrono. Plaintiff states that, in their motion, Defendants rely solely on the date in SENTRY for having reassigned him to an upper bunk. Plaintiff questions the authenticity and accuracy of the SENTRY entries because many do not reflect start and stop dates. The Court does not agree that discovery as to the person responsible for entering the data into SENTRY bears on the issues raised. However, discovery as to the authenticity of the SENTRY documents submitted and the procedures the defendants were obligated to follow when documents provided by an inmate differs from the entries in SENTRY, may bear on the issues raised. Accordingly, the Court **ORDERS**:

1. Plaintiff's motion to postpone consideration of Defendants' motion for summary judgment and to be allowed to conduct discovery, filed on August 28, 2019 (Doc. 42), is GRANTED;

///

///

2

2. Discovery is permitted by both sides as to the authenticity of the SENTRY documents submitted and the procedures the defendants were obligated to follow if the plaintiff provided them documentation that differed from the entries in SENTRY. This may include depositions of the parties, if needed.

3. The Clerk of the Court is directed to issue a Discovery and Scheduling Order.

4. Regardless of the dates set forth in the Discovery and Scheduling Order, if Plaintiff discovers evidence he feels is relevant to establish a triable issue of fact to defeat Defendants' motion for summary judgment he may file a new opposition[1] on or before December 15, 2019.

5. If Plaintiff files a new opposition to Defendants' motion for summary judgment, Defendants may file a new reply[2] within seven days from the date Plaintiff's new opposition is filed. Defendants' motion for summary judgment will thereafter be deemed submitted. L.R. 230 (*l*).

IT IS SO ORDERED.

Dated: **September 3, 2019**      /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

---

[1] In this event, Plaintiff's opposition to Defendants' motion for summary judgment, filed on August 18, 2019 (Docs. 38, 39, 40), will be stricken from the record. Hence, any new opposition Plaintiff files should be full and complete.

[2] Similarly, in this event, Defendants' prior reply, filed on August 26, 2019 (Doc. 41), will be stricken from the record.