# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK WHEATEN,<br><br>   Plaintiff,<br><br> v.<br><br>KNOLL, et al.,<br><br>   Defendants. | 1:18-cv-00885-AWI-JLT (PC)<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME, DENYING MOTION TO AMEND OPPOSITION AS MOOT, AND DENYING MOTION TO STRIKE AMENDED OPPOSITION AS MOOT**<br><br>(Docs. 45, 47, 50) |

  Defendants' motion for summary judgment (MSJ) is currently pending before the Court. (Doc. 35.) Plaintiff filed an opposition, (Docs. 38-40), and Defendants filed a reply, (Doc. 41). On September 3, 2019, the Court granted Plaintiff's request to postpone consideration of the MSJ and allow discovery by both parties regarding the "authenticity of the SENTRY documents submitted and the procedures the defendants were obligated to follow if the plaintiff provided them documentation that differed from the entries in SENTRY." (Doc. 43 at 2-3.) On September 9, 2019, Plaintiff filed a motion for an extension of time to respond to Defendants' reply to his opposition to Defendants' MSJ, (Doc. 45); and, on September 13, 2019, he filed a motion to amend his opposition, (Doc. 47). With the latter motion, Plaintiff concurrently filed an amended opposition. (Doc. 46.)

  On September 25, 2019, Plaintiff filed a motion to strike his amended opposition. (Doc. 50.) In his motion, Plaintiff declares that, on September 5, 2019, he was transferred from Bexar

County Adult Detention Center to Garza West Unit, and that he did not learn of the Court's September 3 order until September 18. (*Id.* at 1-2.). Defendants opposed the motion, stating that the Court "should not strike [Plaintiff's] amended opposition or allow him to conduct any further discovery." (Doc. 51 at 1.)

In its September 3, 2019 order, the Court stated that, "if Plaintiff discovers evidence he feels is relevant to establish a triable issue of fact to defeat Defendants' motion for summary judgment[,] he may file a new opposition on or before December 15, 2019." (Doc. 43 at 3.) The Court further stated that, "[i]f Plaintiff files a new opposition …, Defendants may file a new reply…." (*Id.*) The Court provided that, if Plaintiff filed a new opposition, the Court would strike his prior opposition, (Docs. 38-40); and if Defendants filed a new reply, the Court would strike their prior reply, (Doc. 41). (*Id.*)

Given its prior order, the Court finds that Plaintiff's motion to amend his opposition, (Doc. 47), is moot. Therefore, the Court **DENIES** the motion, (Doc. 47); and, the opposition filed concurrently therewith, (Doc. 46), is **DISREGARDED**.

Based on the above, the Court finds that Plaintiff's motion to strike his amended opposition, (Doc. 50), is also moot. Thus, the Court **DENIES** the motion, (Doc. 50). Defendants argue that the Court should not allow Plaintiff to conduct any further discovery. (Doc. 51 at 1.) However, the Court already granted both parties the opportunity to conduct discovery on the limited issue specified above. (Doc. 43 at 3.) Only if Plaintiff discovers new evidence that he feels is relevant to establishing a triable issue of fact to defeat Defendants' MSJ may he file a new opposition by December 15, 2019. If not, Plaintiff's original opposition, (Docs. 38-40), will remain in effect.

///
///
///
///
///
///

Lastly, the Court **DENIES** Plaintiff's motion for an extension of time to file a response to Defendants' reply, (Doc. 45). Per Local Rule 230(l), a party may submit an opposition to a motion, and the moving party may file a reply to the opposition. The rule, though, does not allow the opposing party to submit a response to the reply. *See* Local Rule 230(l).

IT IS SO ORDERED.

Dated: **November 20, 2019**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE