1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11    DERRICK WHEATEN,                          Case No.: 1:18-cv-00885-AWI-JLT (PC)

12                        Plaintiff,

13            v.                                 **FINDINGS AND RECOMMENDATIONS
                                                 TO GRANT DEFENDANTS' MOTION FOR
14    S. KNOLL, et al.,                          SUMMARY JUDGMENT**

15                        Defendants.            (Doc. 35)

16

17           Defendants Knoll, Capocciama, Gilliam, and Wildes move for summary judgment. (Doc.

18    35.) Plaintiff Derrick Wheaten filed an amended opposition to Defendants' motion on December

19    9, 2019, to which Defendants replied. (Docs. 58-60.) For the reasons set forth below, the Court

20    recommends that Defendants' motion be granted and this action be dismissed.

21    **I.      SUMMARY OF FACTS**

22           Plaintiff underwent surgery on July 19, 2016, to remove tumors in his forehead, left arm,

23    and buttocks. (Doc. 1 at 2.) Plaintiff contends that the staples on his buttocks were removed "too

24    early" post-surgery, causing the "wound to reopen prematurely and forc[ing] plaintiff to get

25    packing 3 to 4 times per week to stop excessive blood discharge and drainage." (*Id.* at 3.) On

26    August 5, 2016, a doctor at Federal Correctional Institution, Mendota, provided Plaintiff with an

27    accommodation "chrono" for a lower bunk, valid until August 31, 2016. (*Id.*) For unknown

28    reasons, the chrono was not entered into the prison's inmate information system, SENTRY.

1    (Defs.' Statement of Undisputed Facts, No. 9, Doc. 35-4 at 2; Pl.'s Amended Opposition to

2    Statement of Undisputed Facts, No. 9, Doc. 59 at 3-4.)

3         On August 18, 2016, Correctional Counselor Wildes ordered Plaintiff to relocate to a cell

4    with an inmate who also had a "lower bunk chrono," forcing Plaintiff to sleep on an upper bunk

5    in violation of his doctor's prescription. (*See* Wheaten Decl., ¶¶ 11, 26, Doc. 58 at 19, 21.)

6    Plaintiff protested to Correctional Lieutenant Knoll and Correctional Counselor Capocciama, but

7    neither altered Wilde's order. (*See id.*, ¶¶ 16, 18-20, 29-32, 34-35.) On August 24, 2016,

8    "Medication Tech Ana Sharma rescinded [Plaintiff's] lower bunk accommodation without [his]

9    knowledge." (*Id.*, ¶ 36.) On August 27, 2016, as he was "attempting to climb down from the

10   upper bunk [Plaintiff's] leg got caught in [his] blanket and [he] fell," injuring his elbow, knee,

11   and lower back. (*Id.*, ¶ 37.) Plaintiff was transferred to a hospital for emergency treatment. (*Id.*, ¶

12   38.)

13        Plaintiff brought suit on June 28, 2018. (Doc. 1.) Plaintiff's operative claims are against

14   Knoll, Capocciama, Wildes, and Health Services Administrator Gilliam for deliberate

15   indifference to serious medical needs in violation of the Eighth Amendment. (*See* Doc. 15 at 1.)

16   **II.    LEGAL STANDARD**

17        Summary judgment is appropriate when the moving party "shows that there is no genuine

18   dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

19   Civ. P. 56(a). In summary judgment practice, the moving party "initially bears the burden of

20   proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d

21   376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving

22   party may accomplish this by "citing to particular parts of materials in the record, including

23   depositions, documents, electronically stored information, affidavits or declarations, stipulations

24   (including those made for purposes of the motion only), admissions, interrogatory answers, or

25   other materials," or by showing that such materials "do not establish the absence or presence of a

26   genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."

27   Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears the burden of proof at trial, as

28   Plaintiff does here, "the moving party need only prove that there is an absence of evidence to

1 support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at

2 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

3   Summary judgment should be entered against a party who fails to make a showing

4 sufficient to establish the existence of an element essential to that party's case, and on which that

5 party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of

6 proof concerning an essential element of the nonmoving party's case necessarily renders all other

7 facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted,

8 "so long as whatever is before the district court demonstrates that the standard for the entry of

9 summary judgment … is satisfied." *Id.* at 323.

10   If the moving party meets its initial responsibility, the burden then shifts to the opposing

11 party to establish that a genuine issue as to any material fact does exist. *See Matsushita Elec.*

12 *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In attempting to establish the

13 existence of a factual dispute, the opposing party may not rely upon the allegations or denials of

14 his pleadings but is required to tender evidence of specific facts in the form of affidavits or

15 admissible discovery material in support of its contention. *See* Fed. R. Civ. P. 56(c)(1);

16 *Matsushita*, 475 U.S. at 586 n.11; *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir.

17 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary

18 judgment."). The opposing party must demonstrate that the fact in contention is material, i.e., that

19 it might affect the outcome of the suit under governing law, *see Anderson v. Liberty Lobby, Inc.*,

20 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626,

21 630 (9th Cir. 1987), and that the dispute is genuine, i.e., that the evidence is such that a

22 reasonable jury could return a verdict for the non-moving party, *see Anderson*, 477 U.S. at 250;

23 *Wool v. Tandem Computs. Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

24   To show a factual dispute, the opposing party need not prove a material fact conclusively

25 in her favor. It is sufficient that the "factual dispute be shown to require a jury or judge to resolve

26 the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, 809 F.2d at 631. Thus, the

27 "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see

28 whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (citations omitted).

1    "In evaluating the evidence to determine whether there is a genuine issue of fact," the

2    court draws "all inferences supported by the evidence in favor of the non-moving party." *Walls v.*

3    *Cent. Contra Costa Cty. Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011). But, it is still the

4    opposing party's obligation to produce a factual predicate from which the inference may be

5    drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985),

6    *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing

7    party "must do more than simply show … some metaphysical doubt as to the material facts….

8    Where the record taken as a whole could not lead a rational trier of fact to find for the non-

9    moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).

10   **III.    DISCUSSION**

11        Defendants argue that summary judgment is appropriate in this action because (1) Plaintiff

12   fails to show that Defendants' actions were the actual or proximate cause of his injuries, (2) based

13   on the "special factors" analysis articulated in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), the Court

14   should decline to extend the remedy under *Bivens v. Six Unknown Named Agents of Fed. Bureau*

15   *of Narcotics*, 403 U.S. 388 (1971) to the "new context" at issue in this case, (3) Defendants are

16   entitled to qualified immunity, and (4) Plaintiff fails to show that Defendants were deliberately

17   indifferent to serious medical needs. (*See* Doc. 35-1 at 9-10.)

18   **A. Plaintiff does not show that Defendants caused the constitutional deprivation of**

19   **which he complains**

20        Though "not often discussed or explicitly stated in civil rights cases," "causation … is an

21   implicit requirement." *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir.

22   1981)[1]. To state a claim under *Bivens*, a plaintiff must show a causal connection between the

23   actions of the defendants and the constitutional deprivation alleged to have been suffered by the

24   plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976)). "A person subjects another to the

25   deprivation of a constitutional right … if he does an affirmative act, participates in another's

26   affirmative acts, or omits to perform an act which he is legally required to do that causes the

27

28   [1] Many of the cases cited in this section address the standards for actions under 42 U.S.C. § 1983, which also apply to *Bivens* actions. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.")

4

deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (internal quotation marks and citation omitted). Thus, to impose liability, Plaintiff must prove that (1) each defendant, "in acting or failing to act, was deliberately indifferent to the mandates of the eighth amendment and (2) this indifference was the actual and proximate cause of the deprivation of [his] eighth amendment right to be free from cruel and unusual punishment." *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

The Court notes that deprivation of a constitutional right and "injury" are distinct concepts. For example, in *Estate of Macias v. Ihde*, the Ninth Circuit held that the constitutional deprivation suffered by the decedent was not her death, but rather the denial of equal police protection. 219 F.3d 1018, 1028 (9th Cir. 2000). In other words, the "injury" of death was distinct from the violation of Ms. Macias' equal protection rights under the Fourteenth Amendment. While the extent of the defendants' responsibility for her death may be relevant to the amount of damages to which the plaintiffs were entitled, it is irrelevant to whether Ms. Macias was deprived of a constitutional right. *See id.* Similarly, in *Carey v. Piphus*, the Supreme Court held that the plaintiff may recover nominal damages for a due process violation even if he suffered no actual injury from his suspension from school. 435 U.S. 247, 266 (1978). Thus, the "injury" of the suspension was distinct from the violation of the plaintiff's due process rights under the Fifth and Fourteenth Amendments; and, in the procedural due process context, no actual injury is required to impose liability. *See id.*

In the Eighth Amendment context, injury and constitutional deprivation are more closely aligned. The Eighth Amendment proscribes "the infliction of 'cruel and unusual punishments' on those convicted of crimes." *Wilson v. Seiter*, 501 U.S. 294, 296–97 (1991). A punishment is unconstitutionally excessive if it is "grossly out of proportion to the severity of the crime" or if it "involve[s] the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (citations omitted). Inherent in these formulations is some form of punishment, pain, or harm. *See Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) ("officials' conduct must constitute 'unnecessary and wanton infliction of pain' before it violates the Eighth Amendment") (internal quotation marks and citations omitted). This is not to say that the Eighth Amendment

requires "significant" or "serious" injury. The Supreme Court has specifically held that no such

requirement exists. *Hudson v. McMillian*, 503 U.S. 1, 7-9 (1992). However, unlike in the

procedural due process context, the plaintiff must suffer some type of pain or harm that is more

than *de minimis* in order to implicate the Eighth Amendment. *See id.* at 9-10 (Eighth Amendment

"excludes from constitutional recognition *de minimis* uses of physical force"); *see also Shapley v.*

*Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) ("delay of surgery,

without more, is insufficient to state a clam of deliberate medical indifference … unless the denial

was harmful"). And, as explained above, Plaintiff must show that the defendants' deliberate

indifference actually and proximately caused the pain or harm of which he complains. *See Leer*,

844 F.2d at 634; *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In

a § 1983 action, the plaintiff must … demonstrate that the defendant's conduct was the actionable

cause of the claimed injury.")

Plaintiff does not make that showing. Plaintiff contends that Defendants forced him to

sleep in an upper bunk, in violation of his medical chrono for a lower bunk, which caused him to

fall from his bed on August 27, 2016, and suffer injuries to his elbow, knee, and back. (Doc. 1 at

3-6.) However, in his sworn declaration, Plaintiff states, (1) Medication Tech Ana Sharma, who is

not a defendant, rescinded Plaintiff's lower bunk chrono on August 24, 2019, and (2) he fell after

his leg got caught in a blanket as he was climbing down from his bunk. (*See* Wheaten Decl., ¶¶

36-37, Doc. 58 at 22.) The latter fact shows that Plaintiff's leg getting caught in a blanket was the

cause-in-fact of his fall, not the medical condition to which Defendants were allegedly indifferent.

Furthermore, the withdrawal of Plaintiff's chrono prior to his fall breaks the chain of proximate

causation, i.e., his injury was no longer foreseeable on the part of the defendants, if it had been so

before. *See Arnold*, 637 F.2d at 1355 (causation standard under *Johnson*, 588 F.2d at 743-44,

"closely resembles the … 'foreseeability' formulation of proximate cause"). The crux of

Plaintiff's complaint is that Defendants ignored his lower bunk chrono, forcing him to sleep in an

upper bunk, thus causing him to fall; however, a health care professional had already rescinded

that chrono days earlier.[2] Plaintiff contends that Ms. Sharma did not have the authority to

---

[2] This fact also tends to show that Defendants were not deliberately indifferent. *See Maciel v. Rowland*, 145 F.3d

discontinue his lower bunk accommodation, (Doc. 58 at 11); however, this is irrelevant to the matter of causation.

The facts, viewed in the light most favorable to Plaintiff, *see Walls*, 653 F.3d at 966, show that Defendants' actions were not the actionable cause of the harm of which Plaintiff complains, i.e., his fall from his upper bunk and the injuries resulting therefrom. *See Harper*, 533 F.3d at 1026. In other words, the facts do not establish a causal connection between Defendants' conduct and the Eighth Amendment deprivation Plaintiff allegedly suffered. *See Rizzo*, 423 U.S. at 373-75. Because Plaintiff does not meet the causation requirement under *Bivens*, the Court need not address Defendants' remaining arguments.

## IV.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that Defendants' motion for summary judgment, (Doc. 35), be **GRANTED** and that this action be **DISMISSED**. These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:    **January 7, 2020**                    **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE

---

1339 (9th Cir. 1998) (prison guards not deliberately indifferent when they relied on doctors' recommendations).

7