UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK WHEATEN,<br><br>        Plaintiff,<br><br>    v.<br><br>S. KNOLL, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00885-AWI-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 35, 62) |

     Plaintiff Derrick Wheaten is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff's operative claims are for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. (Doc. 15 at 1.) This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On August 5, 2019, Defendants filed a motion for summary judgment. (Doc. 35.) Plaintiff filed an opposition on August 19, 2019, to which Defendants filed a reply. (Docs. 38-41.) On September 3, 2019, the assigned magistrate judge granted Plaintiff's motion to open limited discovery and postpone consideration of Defendants' motion for summary judgment. (Doc. 43.) Pursuant to the magistrate judge's order, Plaintiff filed an amended opposition on December 9, 2019, and Defendants filed an amended reply. (Docs. 58-60.)

1 | On January 7, 2020, the magistrate judge issued findings and recommendations to grant Defendants' motion for summary judgment. (Doc. 62.) The magistrate judge found, "[t]he facts, viewed in the light most favorable to Plaintiff, show that Defendants' actions were not the actionable cause of the harm of which Plaintiff complains," i.e., falling from his upper bunk and his resulting injuries. (*Id.* at 7.) The judge pointed to Plaintiff's sworn declaration, where Plaintiff states that (1) he fell from his upper bunk after his leg got caught in a blanket, and (2) prior to his fall, a medication tech, not the defendants, rescinded Plaintiff's accommodation "chrono" for a lower bunk. (*Id.* at 6.) For these reasons, the magistrate judge found that Defendants' actions were neither the cause-in-fact nor the proximate cause of Plaintiff's injuries. (*Id.*)

Plaintiff filed objections on January 27, 2020. (Doc. 63.) In his objections, Plaintiff argues that "there is a genuine dispute of material facts concerning the requisite causal connection between defendants' actions and the Eighth Amendment violation." (*Id.* at 1.) Specifically, Plaintiff states that there is a dispute of fact "concerning whether Defendants' conspired with [the medication tech] … to interfere with his lower bunk accommodation." (*Id.* at 2.) Plaintiff points to the facts that he had no knowledge that his chrono had been rescinded, and that the medication tech had no authority to withdraw the chrono, as evidence of such a conspiracy. (*See id.* at 2-3.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and proper analysis.

The Court does not find that there is a genuine dispute of fact regarding whether the defendants conspired with the medication tech to rescind Plaintiff's lower-bunk chrono. Even if the medication tech overstepped her authority by rescinding the chrono, and even if Plaintiff was not informed that the chrono had been rescinded, these facts alone are insufficient to create a genuine dispute that the medication tech and Defendants "conspired" to rescind the chrono. The logical leap is too great. Although the Court must draw "all inferences supported by the evidence in favor of" Plaintiff, Walls v. Cent. Contra Costa Cty. Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011), the Court need not draw inferences unsupported by a "factual predicate" or "ordinary rules of logic." Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985).

The uncontested facts are that (1) the medication tech rescinded Plaintiff's chrono on August 24, 2016, and (2) Plaintiff fell from his bunk when his leg got caught in a blanket on August 27, 2016. (*See* Doc. 58, Wheaten Decl., at 22.) Based on these facts, the Court agrees with the magistrate judge that Defendants' failure to provide Plaintiff with a lower bunk was not the proximate cause of his fall on August 27, 2016. Thus, Plaintiff does not meet the causation requirement of his *Bivens* claim.

Accordingly, the Court ORDERS:

1. The findings and recommendations issued on January 7, 2020 (Doc. 62) are ADOPTED in full;
2. Defendants' motion for summary judgment (Doc. 35) is GRANTED;
3. This action is DISMISSED; and,
4. The Clerk of the Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: __February 20, 2020__       _____
                                    SENIOR DISTRICT JUDGE